LAW OFFICES OF LAWRENCE G. PAPALE
LAWRENCE G. PAPALE (SBN 67068)
lgpapale@papalelaw.com
The Cornerstone Building
1308 Main Street, Suite 117
Saint Helena, CA 94574
Telephone: (707) 963-1704

INSURANCE LITIGATORS
& COUNSELORS PLC.
Joseph John Turri (SBN 181994)
Attila Panczel (SBN 250799)
insterminator@aol.com
445 North State Street
Ukiah, California 95482
Telephone: (707) 462-6117
Facsimile: (707) 230-5525

Attorneys for Plaintiffs, C & J, INC. d/b/a
ARMADILLO'S RESTAURANT and MARIO'S
RISTORANTE ITALIANO, individually, and as
proposed Class Representatives of the Putative
Class

[Additional Counsel Listed on Signature Page]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & J, INC. d/b/a ARMADILLO'S RESTAURANT and MARIO'S RISTORANTE ITALIANO, on behalf of themselves, and all others similarly situated, | ) CASE NO.: |
| | ) |
| | ) **CLASS ACTION COMPLAINT** |
| | ) |
| | ) 1.    Unfair Business Acts & Practices |
| | )        (Cal. Bus. & Prof. Code §17200, *et seq.*); |
| Plaintiffs, | ) 2.    Fraudulent Business Acts & Practices |
| | )        (Cal. Bus. & Prof. Code §17200, *et seq.*); |
| v. | ) 3.    Restitution and Injunctive Relief |
| | )        (Cal. Bus. & Prof. Code §17203); |
| SYSCO CORPORATION and SYSCO SAN FRANCISCO, INC., | ) 4.    Deceit; |
| | ) 5.    Fraud & Misrepresentation; and |
| | ) 6.    Negligent or Const. Misrepresentation. |
| Defendants. | ) 7.    Breach of Contract |
| | ) 8.    Unjust Enrichment |

## DEMAND FOR JURY TRIAL

- 1 -

1
2

Plaintiffs C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, on their own behalf and as representatives of a class of persons similarly situated, allege as follows:

3
4

## JURISDICTION

5
6
7
8
9
10

1.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, as well as members of the proposed class, are citizens of states different from the states where Defendants, Sysco San Francisco, Inc. and Sysco Corporation, have been incorporated, and/or where their principal places of businesses are located.

11
12
13
14
15

2.        This Court has personal jurisdiction over Defendants, Sysco San Francisco, Inc. and Sysco Corporation, (collectively the "Sysco Defendants") because the Sysco Defendants conduct continuous, regular and systematic business in California, and transact significant business within this district.

16

## VENUE

17
18
19
20
21

3.        Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Sysco Defendants, Sysco San Francisco, Inc. and Sysco Corporation, are subject to personal jurisdiction in this district, and a substantial portion of Defendants' conduct that forms the bases of this action occurred and continues to occur in California, including within the boundaries of this district.

22

## PARTIES

23
24
25

4.        Defendant, Sysco Corporation, is a Delaware corporation authorized to do business in California with its principal place of business in Houston, TX.  Defendant, Sysco Corporation, does business in California and throughout the United States.

26
27
28

- 2 -
CLASS ACTION COMPLAINT

5.      Defendant, Sysco San Francisco, Inc., is a California corporation with its principal place of business located in Houston, TX.  Defendant, Sysco San Francisco, Inc., does business in California and throughout the United States.

6.      Defendant, Sysco San Francisco, Inc., is a division or subsidiary of Defendant, Sysco Corporation.

7.      Plaintiff, C & J, Inc. d/b/a Armadillo's Restaurant, is a California company with its principal place of business in St. Helena, California.

8.      Plaintiff, Mario's Ristorante Italiano, is a California company with its principal place of business in Redwood Valley, California.

**FACTUAL ALLEGATIONS CONCERNING PLAINTIFFS
C & J, INC. d/b/a ARMADILLO'S RESTAURANT AND
MARIO'S RISTORANTE ITALIANO**

9.      Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, are small, independently owned businesses in Northern California.  Sysco San Francisco, Inc. and its parent, Sysco Corporation, comprise a large business—with billions in sales[1]—and are in the business of selling food and restaurant supplies to Plaintiff and other California customers.

10.      Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, purchased food and restaurant supplies from Sysco San Francisco, Inc. and its parent, Sysco Corporation.

11.      The Sysco Defendants routinely and systematically charge their customers, including Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, a "fuel surcharge."

---

[1] *See, e.g.*, http://www.sysco.com/aboutus/OnlineAnnual2015/Sysco-2015-Annual-Report.html.

CLASS ACTION COMPLAINT

12.     The Sysco Defendants engaged in a scheme of making misrepresentations and charging a "fuel surcharge" to wrongfully upcharge Plaintiffs.

13.     Plaintiffs were consistently charged $5.00 for a "fuel surcharge" – an amount unrelated to the Sysco Defendants' actual or increased fuel costs.

14.     Plaintiff, Mario's Italiano Ristorante, paid the "fuel surcharge" fee multiple times, including but not limited to February 12, 2016, March 18, 2016, March 10, 2017, and June 16, 2017.

15.     Plaintiff, C & J, Inc. d/b/a Armadillo's Restaurant, paid the "fuel surcharge" fee multiple times, including but not limited to May 3, 2011, May 10, 2011, May 13, 2011, May 24, 2011, May 31, 2011, June 8, 2011, June 10, 2011, June 17, 2011, and July 1, 2011.

16.     The invoices provide no explanation of the fuel surcharges.  Rather, the "fuel surcharge" is simply listed as a line-item directly under the various food and restaurant items ordered by Plaintiff.  The "fuel surcharge" is identified as "MISC CHARGES."  Plaintiffs paid these invoices, including the "fuel surcharges."

17.     The Sysco Defendants' "fuel surcharge" is presented in a guise designed and intended to imply that the surcharges are legitimate fees rationally related to the actual or increased fuel costs Defendants incur in providing services.

18.     Plaintiffs relied upon the Sysco Defendants' representations and invoices that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel, and paid Defendants' "fuel surcharge" fee.

19.     The Sysco Defendants' "fuel surcharge" is designed to deceive and/or mislead consumers because Plaintiffs received no information or explanation of the fee before receiving their invoice.

20.     The Sysco Defendants' fuel surcharge is excessive and bears no rational relationship to Defendants' actual costs of fuel.  In short, Defendants' surcharge is designed to mislead customers to believe that the "fuel surcharge" is a legitimate charge or expense when its primary purpose is to generate profits for Defendants.  These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

21.     The Sysco Defendants' conduct, acts, and omissions substantially occurred in and continue to occur in and/or originate from California, inclusive of Defendants' creation, development, implementation, direction, perpetuation, insinuation, and/or ratification of their "fuel surcharge," designed and intended to mislead consumers to believe that the fee is legitimate and rationally related to the costs of fuel, when in reality the fee is nothing but an illegal profit enhancer.

22.     Engaged in what is known as "double-dipping," the Sysco Defendants charge the fuel surcharge through a misleading scheme.  Fuel costs, like other overhead, are built into the prices Defendants charge their customers.  These costs are inherent in the nature of Defendants' business, and Defendants take into account the cost of fuel when determining what prices they charge customers, just as they take into account other overhead.  Thus, Defendants are double dipping: charging for the cost of fuel in the rate, and then charging for the purported actual or increased cost of fuel again through the unlawful "fuel surcharge."

23.     The Sysco Defendants have a pattern and practice of this conduct throughout California.   Many other small businesses in California have been forced to pay the misrepresented, excessive, and deceptive "fuel surcharge."

## CLASS ACTION ALLEGATIONS

24.     Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, bring this action on their own behalf, and on behalf of others similarly situated.

25.    The class which Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, seek to represent is composed of and defined as:

> All California persons and/or California entities who paid 'fuel surcharges' and/or other similar charges to Defendants, and/or whose total amount owed by Defendants was decreased by amounts attributable to "fuel surcharges" and/or other similar charges.

26.    Plaintiffs further seek to represent a subclass of persons composed of and defined as:

> All California persons and/or California entities who entered into a written contract with Sysco San Francisco, Inc. and/or Sysco Corporation who paid "fuel surcharges" and/or other similar charges to Defendants, and/or whose total amount owed by Defendants was decreased by amounts attributable to "fuel surcharges" and/or other similar charges.

27.    Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, believe the class number is at least in the hundreds, and thus the class is so numerous that joinder of all members of the class would be impracticable.  The precise number of class members will be determined through discovery.  Class members may be notified of the pendency of this action by mail, email, and/or publication, through the Sysco Defendants' records.

28.    The claims asserted by Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, on behalf of themselves as representatives of the class, present common questions of law and fact as to all class members, and predominate over questions affecting only individual class members.  Said common legal and factual questions include, but are not limited to, the following:

CLASS ACTION COMPLAINT

(a)   Whether the Sysco Defendants engaged in a widespread and systematic practice of charging excessive amounts for the fees at issue in this case;

(b)   Whether the fees at issue in this case are designed as profit enhancers for the Sysco Defendants;

(c)   Whether the charging of the fees at issue in this case constitute breaches of contract;

(d)   Whether the charging of the fees at issue in this case is inconsistent with applicable law;

(e)   Whether it would be inequitable and unjust for the Sysco Defendants to retain the monies received from the wrongful and excessive fees at issue in this case;

(f)   Whether the Sysco Defendants conspired to commit the wrongful acts alleged herein;

(g)   Whether Plaintiff and class members are entitled to class relief as requested herein;

(h)   Whether the fees at issue herein are excessive under the terms of the agreement and/or applicable law;

(i)   Whether the Sysco Defendants assessed improper and excessive "fuel surcharges" and/or other similar fees;

(j)   Whether the "fuel surcharges" are charged for the same purported costs which the Sysco Defendants include in other charges;

(k)   Whether the Sysco Defendants have been unjustly enriched by assessing and collecting the fees at issue in this case;

(l)   Whether the Sysco Defendants have ceased charging the improper and excessive fees at issue in this case;

CLASS ACTION COMPLAINT

(m)   Whether an injunction is necessary to keep the Sysco Defendants from charging the unnecessary and excessive fees in this case;

(n)   Whether the improper fees charged by the Sysco Defendants are rationally related to any cost incurred by Defendants;

(o)   Whether the fees at issue in this case are unconscionable;

(p)   Whether the Sysco Defendants' practice of charging and collecting the fees at issue in this case is consistent with the terms and language of the customer agreements;

(q)   Whether the Sysco Defendants' conduct violated the law, public policy, and/or was immoral, unethical, deceitful, oppressive, unscrupulous and/or substantially injurious;

(r)   Whether reasonable members of the public were or are likely to be deceived by the Sysco Defendants' conduct, misrepresentations, acts, omissions, and/or practices;

(s)   Whether the members of the Plaintiff class sustained damages and/or are entitled to restitution as a result of the Sysco Defendants' conduct; and

(t)   The appropriate level and amount of damages to be awarded to the Plaintiff class in judgment against the Sysco Defendants.

29.   The claims asserted by Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, on behalf of themselves are typical of the claims asserted for the putative class, in that Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all members of the putative class sustained damages arising out of and resulting from the Sysco Defendants' common course of conduct, business practices, and acts.   The damages and losses of Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante

- 8 -
CLASS ACTION COMPLAINT

Italiano, as well as the damages and losses sustained by each member of the putative class, were caused directly by Defendants' wrongful conduct in violation of the law.

30.     Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, will fairly and adequately represent the interests of the putative class.  Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, have no interests that are adverse to the interest of the putative class members.  Like the class members, Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, are persons who paid the "fuel surcharge" and/or other similar charges imposed by the Sysco Defendants, which form the basis of this action.  Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, are adequate representatives of the putative class, and any sub-class or sub-classes designated by the Court.  Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, have retained counsel with experience in prosecuting class action lawsuits.

31.     The class action mechanism is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of the putative class is impracticable.  The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.  The interests of judicial economy favor adjudicating the claims for Plaintiffs and putative class members as a class rather than for Plaintiffs and putative class members on an individual basis.

32.     The Sysco Defendants have acted on grounds applicable to the putative class as a whole, thereby making appropriate final compensatory, injunctive, restitution or corresponding declaratory relief with respect to the class as a whole superior to other methods for resolution of this controversy, because the damages suffered by individual class members would in many instances be relatively small, and the financial burden on individual class members would make it impractical for them to pursue their claims against Defendants individually.  Judicial economy

would be served by maintenance of this action as a class action because otherwise there may be numerous individual lawsuits filed by the class members. There are no obstacles to effective and efficient management of this action as a class by this Court.

//

### FIRST CAUSE OF ACTION
### UNFAIR BUSINESS ACTS AND PRACTICES
#### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

33.     Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 32, as though fully set forth herein.

34.     The Sysco Defendants engaged in a scheme of charging bogus fees to illegally upcharge Plaintiffs.

35.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

36.     Plaintiffs relied upon the Sysco Defendants' representations that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel and paid Defendants' "fuel surcharge" fees.

37.     The Sysco Defendants implied that "fuel surcharge" included and covered actual or increased fuel costs.

38.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs when there was no "fuel surcharge" generated as a result of or in connection with Plaintiffs' patronage of Defendants' services.

39.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs in an excessive amount that bears no rational relationship to Defendants' actual costs of fuel.

40.     The Sysco Defendants' "fuel surcharge" fees are not mandated or required by any federal or state statutes, rules, regulations, or other law.

41.     The Sysco Defendants' "fuel surcharge" fee is designed to mislead consumers to believe that the surcharge is legitimate and rationally related to the costs of fuel when in reality the fee is nothing but an illegal profit enhancer.

42.     Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only within the last 8 months after consultation with an investigation by their attorneys did Plaintiffs discover the Defendants' fraudulent and unfair scheme.   Moreover, Plaintiffs could not have made an earlier discovery despite reasonable diligence, because Defendants do not share any of the details surrounding their fuel surcharge program with their customers -- including Defendants' actual fuel costs, the profitability of Defendants' fuel surcharge program, how Defendants calculate the fuel surcharge or the fact that Defendants recover all of their fuel costs in the rates that they charge for services provided to Plaintiffs.

43.     Even if the Sysco Defendants' services and/or operations involved fuel costs authorized by applicable federal or state laws or regulations, Defendants "fuel surcharge" fee is excessive and bears no rational relationship to Defendants' actual or increased fuel costs.   In short, Defendants' fee is designed to mislead customers to believe that the surcharge is a legitimate or "pass-through" charge when its primary purpose is to generate profits for Defendants.  These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

44.     The Sysco Defendants' conduct, acts, and omissions substantially occurred in and continue to occur in and/or originate from California, inclusive of Defendants' creation, development, implementation, direction, perpetuation, insinuation, and/or ratification of their "fuel surcharge," designed and intended to mislead consumers to believe that the fee is legitimate and rationally related to the costs of fuel, when in reality the fee is nothing but a profit enhancer.

CLASS ACTION COMPLAINT

45.     The Sysco Defendants' "fuel surcharge" fees were automatically billed to Plaintiffs whether any fuel costs were generated as a result of the services performed by Defendants.

46.     The Sysco Defendants' "fuel surcharge" fees were not presented to Plaintiffs until after the services had been rendered and an invoice was generated with the "fuel surcharge" fees.

47.     The conduct, acts, omissions, and practices of the Sysco Defendants, as described above, constitute "unfair" business acts and practices.

48.     The conduct, acts, omissions, and practices of the Sysco Defendants, as described above, do not benefit consumers or competition.  The harm to consumers is substantial.

49.     The Sysco Defendants' conduct, acts, omissions, and practices offend established public policy, including the prohibition against making false or misleading statements to consumers (*see, e.g.*, Cal. Bus. & Prof. Code § 17500, *et seq.*), and constitute immoral, unethical, oppressive, unscrupulous activities and practices that are substantially injurious to consumers, including Plaintiffs and others similarly situated.

50.     The gravity of the harm caused by the Sysco Defendants' conduct, acts, omissions, and practices, outweighs any justification, motive, reason, or utility Defendants would cite or offer in excuse, support, or defense of their business acts and practices.

51.     As a result of their unfair business acts and practices, the Sysco Defendants have been able to reap unjust revenue and profit.  Plaintiffs and members of the class are entitled to relief in the form of full restitution of all monies paid as a result of the business acts and practices at issue.

52.     Further, upon information and belief, unless restrained and enjoined, the Sysco Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

CLASS ACTION COMPLAINT

53.     Plaintiffs reserve the right to allege other violations, which constitute unfair business acts and practices.   Upon information and belief, the Sysco Defendants' wrongful conduct in violation of § 17200, *et seq.*, is ongoing and continues to this date.

//

//

//

### SECOND CAUSE OF ACTION
### FRAUDULENT BUSINESS ACTS AND PRACTICES
#### (Cal. Bus. & Prof. Code § 17200, *et seq.*)

54.     Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 53, as though fully set forth herein.

55.     The Sysco Defendants engaged in a scheme of charging bogus fees to illegally upcharge Plaintiffs.

56.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

57.     Plaintiffs relied upon the Sysco Defendants' representations that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel, and paid Sysco Defendants' "fuel surcharge" fees.

58.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs in an excessive amount that bears no rational relationship to Defendants' actual or increased fuel costs.

59.     The Sysco Defendants' "fuel surcharge" fees are not mandated or required by any federal or state statutes, rules, regulations, or other law.

CLASS ACTION COMPLAINT

60.     The Sysco Defendants' "fuel surcharge" fee is designed to mislead consumers to believe that the surcharge is legitimate and rationally related to the costs of fuel when in reality the surcharge is nothing but an illegal profit enhancer.

61.     Even if the Sysco Defendants' services and/or operations involved fuel costs authorized by applicable federal or state laws or regulations, Defendants "fuel surcharge" fee is excessive and bears no rational relationship to Defendants' actual or increased fuel costs.  In short, Defendants' fee is designed to mislead customers to believe that the surcharge is a legitimate or "pass-through" charge when its primary purpose is to generate profits for Defendants.  These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

62.     The Sysco Defendants' conduct, acts and omissions substantially occurred in and continue to occur in and/or originate from California, inclusive of Defendants' creation, development, implementation, direction, perpetuation, insinuation, and/or ratification of their "fuel surcharge," designed and intended to mislead consumers to believe that the fee is legitimate and rationally related to the costs of fuel, when in reality the surcharge is nothing but a profit enhancer.

63.     The conduct, acts, omissions, and practices of the Sysco Defendants, as described above, constitute "fraudulent" business acts and practices.

64.     The conduct, acts, omissions, and practices of the Sysco Defendants, were and/or are likely to, and did in fact, deceive reasonable members of the public, including Plaintiffs and others similarly situated.

65.     Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only within the last 8 months after consultation with an investigation by their attorneys did Plaintiffs discover the Defendants' fraudulent and unfair scheme.   Moreover, Plaintiffs could not have made an earlier discovery despite reasonable

- 14 -

diligence, because Defendants do not share any of the details surrounding their fuel surcharge program with their customers -- including Defendants' actual fuel costs, the profitability of Defendants' fuel surcharge program, how Defendants calculate the fuel surcharge or the fact that Defendants recover all of their fuel costs in the rates that they charge for services provided to Plaintiffs.

66.     Plaintiffs and class members have suffered injuries and lost money as a result of the Sysco Defendants' fraudulent conduct, acts, omissions, and practices.

67.     As a result of their fraudulent business acts and practices, the Sysco Defendants have been able to reap unjust revenue and profit.  Plaintiffs and members of the class are entitled to relief in the form of full restitution of all monies paid as a result of the business acts and practices at issue.

68.     Further, upon information and belief, unless restrained and enjoined, the Sysco Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

69.     Plaintiffs reserve the right to allege other violations, which constitute fraudulent business acts and practices.  Upon information and belief, the Sysco Defendants' wrongful conduct in violation of § 17200, *et seq.*, is ongoing and continues to this date.

### THIRD CAUSE OF ACTION
### RESTITUTION AND INJUNCTIVE RELIEF
**(Cal. Bus. & Prof. Code § 17203)**

70.     Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 69, as though fully set forth herein.

71.     Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, on behalf of themselves and all others similarly situated, request restitution, injunctive, and equitable relief:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

a.  That a judicial determination and declaration be made of the rights of Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and each class member, and the responsibilities of the Sysco Defendants.

b.  That the Sysco Defendants, their successors and assigns, and their facilities, other operations, officers, agents, representatives, and employees, directly or through any corporation, subsidiary, division or other construct or device, be enjoined to cease and desist all processes and practices described in this Complaint relating to Defendants' unlawful and fraudulent business practices including, but not limited to, enjoining Defendants from: (i) further imposing their "fuel surcharge" fee on anyone, in any guise or form; (ii) misrepresenting in any manner, directly or by implication, that their "fuel surcharge," in any guise or form, is legitimate and rationally related to the costs of fuel; (iii) that their "fuel surcharge," in any guise or form, applies to things that do not actually constitute actual or increased fuel costs; (iv) misrepresenting that their "fuel surcharge," in any guise or form, rationally relates to their actual costs or expenses or is a legitimate "pass through" expense; and (v) imposing their "fuel surcharge," in any guise or form, on anyone for the management, services, or processing of fuel costs never actually performed or legally required in the first place.

c.  That the Sysco Defendants be determined and declared to be financially responsible for the cost and expenses of accomplishing any restitution or refund to Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's

CLASS ACTION COMPLAINT

Ristorante Italiano, and each class member of all sums paid for Defendants' "fuel surcharge" fees if such funds are requested and ordered.

72.     That Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and each class member be granted attorney fees, costs, and expenses, as well as such additional relief the Court may deem appropriate, all relief requested in this Complaint, as well as any additional equitable and legal relief to which they are entitled.

## FOURTH CAUSE OF ACTION
## DECEIT

73.     Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 72, as though fully set forth herein.

74.     The Sysco Defendants engaged in a scheme of charging bogus fees to illegally upcharge Plaintiffs.

75.     In invoices provided to Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, by Sysco San Francisco, Inc., Plaintiffs were led to believe that the Sysco Defendants' "fuel surcharge" fee is a required fee.

76.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

77.     Based upon the Sysco Defendants' representations, Plaintiffs were led to believe – and did believe – that they were required to pay the "fuel surcharge" fee.

78.     Plaintiffs relied upon the Sysco Defendants' representations that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel, and paid Defendants' "fuel surcharge" fees.

79.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

80.     In invoices provided to Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, from Sysco San Francisco, Inc., Plaintiffs were led to believe – and did believe – that they were required to pay the "fuel surcharge" fee.

81.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs when there was no "fuel surcharge" generated as a result of or in connection with Plaintiffs' patronage of Defendants' services.

82.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs in an excessive amount that bears no rational relationship to Defendants' actual costs of fuel.

83.     The Sysco Defendants' "fuel surcharge" fees are designed to mislead consumers to believe that the surcharge is legitimate and rationally related to the costs of fuel, when in reality the surcharge is nothing but an illegal profit enhancer.

84.     Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only within the last 8 months after consultation with an investigation by their attorneys did Plaintiffs discover the Defendants' fraudulent and unfair scheme.  Moreover, Plaintiffs could not have made an earlier discovery despite reasonable diligence, because Defendants do not share any of the details surrounding their fuel surcharge program with their customers -- including Defendants' actual fuel costs, the profitability of Defendants' fuel surcharge program, how Defendants calculate the fuel surcharge or the fact that Defendants recover all of their fuel costs in the rates that they charge for services provided to Plaintiffs.

CLASS ACTION COMPLAINT

85. Even if the Sysco Defendants' services and/or operations involved fuel costs authorized by applicable federal or state laws or regulations, Defendants' "fuel surcharge" fee is excessive and bears no rational relationship to Defendants' actual costs of fuel. In short, Defendants' surcharge is designed to mislead customers to believe that the surcharge is a legitimate charge or "pass-through" charge when its primary purpose is to generate profits for Defendants. These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

86. The Sysco Defendants intentionally deceived Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, with regards to Defendants' "fuel surcharge" fees.

87. The Sysco Defendants knew the representation and/or presentation of their "fuel surcharge" fees as legitimate and rationally related to the costs of fuel required were false, or made such representation and/or presentation in reckless disregard of the truth.

88. The Sysco Defendants intended for Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, to rely on the false representation and/or presentation of the "fuel surcharge" fees as legitimate and rationally related to the costs of fuel, and that such false representation and/or presentation would induce Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, to pay Defendants' "fuel surcharge" surcharges.

89. Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, reasonably relied upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees and paid Defendants' "fuel surcharge" fees.

90. The reliance of Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, upon the Sysco Defendants' false representation

and/or presentation of the "fuel surcharge" fees was a substantial factor in the harm, deprivation, and damages pleaded herein.

91.     Plaintiffs, C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano, and all class members, have suffered and sustained losses and damages by reason of the intentional and/or reckless deceit of the Sysco Defendants in the inducement of payment of bogus "fuel surcharge" fees.

**FIFTH CAUSE OF ACTION**
**FRAUD AND MISREPRESENTATION**

92.     Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 91, as though fully set forth herein.

93.     The Sysco Defendants engaged in a scheme of charging bogus fees to illegally upcharge Plaintiffs.

94.     In invoices provided to Plaintiffs, they were led to believe that the Sysco Defendants' "fuel surcharge" fee is legitimate and rationally related to the costs of fuel.

95.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges is legitimate and rationally related to the costs of fuel.

96.     Based upon the Sysco Defendants' representations and in invoices provided to Plaintiffs, they were led to believe – and did believe – that they were required to pay the "fuel surcharge" fee.

97.     The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

- 20 -
CLASS ACTION COMPLAINT

98.     Plaintiffs relied upon the Sysco Defendants' representations that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel, and paid Defendants' "fuel surcharge" fees.

99.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs when there was no "fuel surcharge" generated as a result of or in connection with Plaintiffs' patronage of the Sysco Defendants' services.

100.     The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs in an excessive amount that bears no rational relationship to the Sysco Defendants' actual costs of fuel.

101.     The Sysco Defendants' "fuel surcharge" fees are not legitimate and rationally related to the costs of fuel.

102.     The Sysco Defendants' "fuel surcharge" fees are designed to mislead consumers to believe that the surcharge is legitimate and rationally related to the costs of fuel, when in reality the surcharge is nothing but an illegal profit enhancer.

103.     Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only within the last 8 months after consultation with an investigation by their attorneys did Plaintiffs discover the Defendants' fraudulent and unfair scheme.   Moreover, Plaintiffs could not have made an earlier discovery despite reasonable diligence, because Defendants do not share any of the details surrounding their fuel surcharge program with their customers -- including Defendants' actual fuel costs, the profitability of Defendants' fuel surcharge program, how Defendants calculate the fuel surcharge or the fact that Defendants recover all of their fuel costs in the rates that they charge for services provided to Plaintiffs.

104.     Even if the Sysco Defendants' services and/or operations involved fuel costs authorized by applicable federal or state laws or regulations, Defendants "fuel surcharge" fee is

excessive and bears no rational relationship to Defendants' actual or increased fuel costs. In short, Defendants' fee is designed to mislead customers to believe that the surcharge is a legitimate or "pass-through" charge when its primary purpose is to generate profits for Defendants. These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

105. The Sysco Defendants intentionally deceived Plaintiffs, and all class members, with regards to Defendants' "fuel surcharge" fees.

106. The Sysco Defendants knew the representation and/or presentation of their "fuel surcharge" fees as legitimate and rationally related to the costs of fuel were false, or made such representation and/or presentation in reckless disregard of the truth.

107. The Sysco Defendants intended for Plaintiffs, and all class members, to rely on the false representation and/or presentation of the "fuel surcharge" fees as legitimate and rationally related to the costs of fuel, and that such false representation and/or presentation would induce Plaintiffs, and all class members, to pay Defendants' "fuel surcharge" fees.

108. Plaintiffs, and all class members, reasonably relied upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees and paid Defendants' "fuel surcharge" fees.

109. The reliance of Plaintiffs, and all class members, upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees was a substantial factor in the harm, deprivation, and damages pleaded herein.

110. Plaintiffs, and all class members, have suffered and sustained losses and damages by reason of the intentional and/or reckless deceit of the Sysco Defendants in the inducement of payment of bogus "fuel surcharge" fees.

### SIXTH CAUSE OF ACTION
### NEGLIGENT OR CONSTRUCTIVE MISREPRESENTATION

111.    Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 110, as though fully set forth herein.

112.    The Sysco Defendants engaged in a scheme of charging bogus fees to illegally upcharge Plaintiffs.

113.    In invoices provided to Plaintiffs, by Sysco San Francisco, Inc., Plaintiffs were led to believe that the Sysco Defendants' "fuel surcharge" fee is legitimate and rationally related to the costs of fuel.

114.    The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

115.    Based upon the Sysco Defendants' representations, Plaintiffs were led to believe – and did believe – that they were required to pay the "fuel surcharge" fee.

116.    Based upon invoices provided to Plaintiffs from Sysco San Francisco, Inc., Plaintiffs were led to believe – and did believe – that they were required to pay the "fuel surcharge" fee.

117.    The Sysco Defendants' "fuel surcharge" fees are presented in a guise that is designed and intended to imply that the surcharges are legitimate and rationally related to the costs of fuel.

118.    Plaintiffs relied upon the Sysco Defendants' representations and invoices that the "fuel surcharge" fees are legitimate and rationally related to the costs of fuel, and paid Defendants' "fuel surcharge" fees.

119.    The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs when there was no "fuel surcharge" generated as a result of or in connection with Plaintiffs' patronage of Defendants' operations and/or its services by Plaintiffs.

- 23 -
CLASS ACTION COMPLAINT

120.    The Sysco Defendants imposed their "fuel surcharge" fees on Plaintiffs in an excessive amount that bears no rational relationship to Defendants' actual or increased fuel costs.

121.    The Sysco Defendants' "fuel surcharge" fees are not legitimate and rationally related to the costs of fuel

122.    The Sysco Defendants' "fuel surcharge" fees are designed to mislead consumers to believe that the surcharge is legitimate and rationally related to the costs of fuel, when in reality the surcharge is nothing but an illegal profit enhancer.

123.    Defendants' scheme was designed to hide their misconduct from Plaintiff and members of the putative class.  In fact, only within the last 8 months after consultation with an investigation by their attorneys did Plaintiffs discover the Defendants' fraudulent and unfair scheme.  Moreover, Plaintiffs could not have made an earlier discovery despite reasonable diligence, because Defendants do not share any of the details surrounding their fuel surcharge program with their customers -- including Defendants' actual fuel costs, the profitability of Defendants' fuel surcharge program, how Defendants calculate the fuel surcharge or the fact that Defendants recover all of their fuel costs in the rates that they charge for services provided to Plaintiffs.

124.    Even if the Sysco Defendants' services and/or operations involved fuel costs authorized by applicable federal or state laws or regulations, Defendants "fuel surcharge" fee is excessive and bears no rational relationship to Defendants' actual or increased fuel costs.  In short, Defendants' fee is designed to mislead customers to believe that the surcharge is a legitimate or "pass-through" charge when its primary purpose is to generate profits for Defendants.  These facts were not properly disclosed to Plaintiffs or to Defendants' customers.

125.    The Sysco Defendants intentionally deceived Plaintiffs, and all class members, with regard to Defendants' "fuel surcharge" fees.

126.    The Sysco Defendants knew the representation and/or presentation of their "fuel surcharge" fees as legitimate and rationally related to the costs of fuel were false, or made such representation and/or presentation in reckless disregard of the truth.

127.    The Sysco Defendants intended for Plaintiffs, and all class members, to rely on the false representation and/or presentation of the "fuel surcharge" fees as legitimate and rationally related to the costs of fuel, and that such false representation and/or presentation would induce Plaintiffs, and all class members, to pay Defendants' "fuel surcharge" fees.

128.    Plaintiffs, and all class members, reasonably relied upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees and paid Defendants' "fuel surcharge" fees.

129.    The reliance of Plaintiffs, and all class members, upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees was a substantial factor in the harm, deprivation, and damages pleaded herein.

130.    Plaintiffs, and all class members, have suffered and sustained losses and damages by reason of the negligent and/or reckless deceit of the Sysco Defendants in the inducement of payment of bogus "fuel surcharge" fees.

131.    The reliance of Plaintiffs and all class members, upon the Sysco Defendants' false representation and/or presentation of the "fuel surcharge" fees as legitimate and rationally related to the costs of fuel, was a substantial factor in the harm, deprivation, and damages pleaded herein.

132.    Plaintiffs, and all class members, have suffered and sustained losses and damages by reason of the intentional and/or reckless deceit of Defendants in the inducement of payment of bogus "fuel surcharge" fees.

CLASS ACTION COMPLAINT

133.    The direct and proximate cause of the misrepresentations and omissions of the Sysco Defendants to state, disclose, and/or reveal the truth about their "fuel surcharge" fees was the negligence and carelessness of Defendants.

134.    Plaintiffs, and each member of the class, at the time of said omissions and representations of the Sysco Defendants, were unaware of the falsity of Defendants' representations.

135.    Plaintiffs and each class member relied on the Sysco Defendants and trusted Defendants to be honest and fair, and reasonably believed the representations of Defendants' regarding their "fuel surcharge" fees to be true.

136.    In actual and justifiable reliance upon the Sysco Defendants' omissions and misrepresentations of the truth and material facts, Plaintiffs and each class member were induced to and did pay Defendants' "fuel surcharge" fees.

137.    Had Plaintiffs and each class member known the true facts, they would not have paid the Sysco Defendants' bogus "fuel surcharge" fees.

138.    As a direct and proximate result of the Sysco Defendants' omissions and misconduct, Plaintiffs and each class member suffered damages.

## SEVENTH CAUSE OF ACTION
## BREACH OF CONTRACT

139.    Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1 through 138, as though fully set forth herein.

140.    A valid, enforceable contract exists between Plaintiffs and the Sysco Defendants, and between each putative member of the sub-class set forth above.  Plaintiffs fully performed their obligations under the terms of the parties' contracts.

CLASS ACTION COMPLAINT

141.    The Sysco Defendants breached these agreements by charging and collecting "fuel surcharge" fees.

142.    As a direct and proximate result of Sysco Defendants' breach, Plaintiffs and each class member suffered damages.

### EIGHTH CAUSE OF ACTION
### UNJUST ENRICHMENT

143.    Plaintiffs adopt, re-allege and incorporate herein each and every allegation in Paragraphs 1-142, as though fully set forth herein.

144.    The Sysco Defendants, by suppressing from Plaintiffs and each class member the material facts set forth herein, by misrepresenting the material facts set forth herein, and by engaging in the other unlawful and wrongful conduct set out herein:

145.    Such excessive and wrongful "fuel surcharges" charged to Plaintiffs and each class member has resulted in Defendants obtaining money, which in equity and good conscience, belongs to Plaintiffs and each class member.

146.    As a direct and proximate result, the Sysco Defendants have been unjustly enriched, and Plaintiffs and each class member suffered damages.

### REQUEST FOR JUDGMENT

Plaintiffs ask for judgment against Defendants, Sysco San Francisco, Inc. and Sysco Corporation, and each of them, in their and the putative class's favor, as follows:

1.      For an order certifying this action as a class action;

2       For actual, compensatory and punitive damages in such amount as the Court or jury deems just and proper;

CLASS ACTION COMPLAINT

3.  For attorney's fees and costs for all causes of action alleged herein for which such amounts are permissible under applicable law, in such amount as the Court or jury deems just and proper;

4.  For prejudgment interest;

5.  For an order requiring the Sysco Defendants to provide notice to the class and to pay for such notice;

6.  For imposition of a constructive trust, recessionary relief, injunctive relief, including prohibition of the Sysco Defendants' unfair, illegal and fraudulent business acts and practices set forth herein, and including restitution and disgorgement of ill-gotten monies and profits; and

7.  All other relief which the Court and/or jury deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiffs on their own behalf and on behalf of the putative class, demand a jury trial in the above captioned matter.

CLASS ACTION COMPLAINT

DATED:  November 13, 2017

/s/ Lawrence G. Papale
LAW OFFICES OF LAWRENCE G. PAPALE
LAWRENCE G. PAPALE (SBN 67068)
lgpapale@papalelaw.com
The Cornerstone Building
1308 Main Street, Suite 117
Saint Helena, CA 94574
Telephone: (707) 963-1704

INSURANCE LITIGATORS
& COUNSELORS PLC.
JOSEPH JOHN TURRI (SBN 181994)
ATTILA PANCZEL (SBN 250799)
445 North State Street
Ukiah, California 95482
Telephone: (707) 462-6117

MCCALLUM, METHVIN & TERRELL P.C.
ROBERT G. METHVIN, JR.
(*Pro hac vice* application to be submitted)
rgm@mmlaw.net
The Highland Building
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone:  205-939-0199
Facsimile:  205-939-0399
(Appearance *pro hac vice*)

Attorneys for Plaintiffs, C & J, INC.
d/b/a ARMADILLO'S RESTAURANT
and MARIO'S RISTORANTE ITALIANO,
individually, and as proposed Class
Representative of the Putative Class

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL:**

SYSCO CORPORATION
1390 ENCLAVE PKWY
HOUSTON, TX 77077

SYSCO SAN FRANCISCO, INC.
1390 ENCLAVE PKWY
HOUSTON, TX 77077

- 29 -
CLASS ACTION COMPLAINT