UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C & J, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SYSCO CORPORATION, et al.,<br><br>    Defendants. | Case No. 17-cv-06553-RS<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiffs C & J Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano bring this action, on behalf of themselves and others similarly situated, against defendants Sysco San Francisco, Inc. and Sysco Corporation (collectively, "Sysco"), alleging fraud and breach of contract claims in connection with "fuel surcharges" included on Sysco's customer invoices. Sysco moves to dismiss the complaint for failure to state a claim. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for April 26, 2018, is vacated. For the reasons explained below, the motion is denied in part and granted in part.

## II. BACKGROUND[1]

C & J, Inc. d/b/a Armadillo's Restaurant and Mario's Ristorante Italiano purchased food

---
[1] All facts recited in this section are drawn from the complaint and taken as true for the purposes of deciding this motion.

and restaurant supplies from Sysco. On the invoices for plaintiffs' purchases, Sysco consistently listed a five dollar "fuel surcharge" as a line-item under the various food and restaurant items ordered. The invoices did not provide an explanation for the fuel surcharge or explain how it was calculated. Both restaurants paid the invoices, including the fuel surcharge. In so doing, they relied on the assumption that the fuel surcharge was a legitimate fee with a rational relationship to the actual or increased costs Sysco incurs in providing services due to the price of fuel. Instead, Sysco is engaged in a practice known as "double-dipping," which involves charging an additional amount for the cost of fuel even though fuel costs, like other overhead, are already built into the prices Sysco charges customers. Plaintiffs believe that many other small businesses in California who do business with Sysco have paid and continue to pay this excessive and deceptively presented fuel surcharge.

## III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. The determination is a context-specific task, requiring the court "to draw on its judicial experience and common sense." *Id*. at 679.

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted).

Dismissal of a complaint under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Factual allegations must be enough to raise a right to relief above the speculative level," which "requires more than labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (internal citation omitted).

## IV. DISCUSSION

### A. Federal Rule of Civil Procedure 9(b)

Sysco argues that the complaint must be dismissed for failure to plead fraud allegations in accordance with the heightened pleading standards imposed by Federal Rule of Civil Procedure 9(b). To satisfy Rule 9(b)'s requirements, "the pleader must state the time, place, and specific content of the false misrepresentations as well as the identities of the parties to the misrepresentation." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012) (citing *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007)).

A review of the complaint reveals that it satisfies these heightened pleading standards. The alleged misrepresentation is Sysco's inclusion of a fuel surcharge on its customer invoices, which gives customers the impression that the fee is to compensate Sysco for the fuel costs it incurs in the course of providing services. That impression was false and misleading, according to plaintiffs, because the cost of fuel is already accounted for in the prices Sysco charges for its products. At various points in 2011, 2016, and 2017, plaintiffs allege they paid the fuel surcharge,

without knowing they were essentially being double-charged for fuel costs. Sysco takes issue with the fact that plaintiffs do not identify the particular role of each Sysco defendant in the challenged conduct. Because, however, the two defendants are a corporate parent and its subsidiary being sued over a general business practice, that lack of specificity does not introduce any confusion as to the nature of the alleged fraud. Accordingly, the complaint will not be dismissed on Rule 9(b) grounds.

### B. Common Law Fraud, Deceit, and Misrepresentation (Claims 4, 5, and 6)

Sysco also contends that plaintiffs fail to allege the elements of common law fraud, deceit, and misrepresentation (Claims 4, 5, and 6) because the complaint does not identify a misstatement of material fact. "The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173 (2003) (internal citations omitted). A common law claim for negligent misrepresentation is similar to a claim for fraud, but does not require scienter or the intent to defraud. *Id*. at 173-74.

The crux of Sysco's argument is that plaintiffs rely on the assumption that a line item surcharge for fuel is deceptive, without explaining the nature of the deception. In the absence of evidence that Sysco made any affirmative representations about how the fuel surcharge is calculated or applied, Sysco insists, there is no basis for asserting fraud. On the contrary, plaintiffs advance a theory of misrepresentation based on Sysco's nondisclosure of information, which rendered the fuel charges misleading to customers. As explained above, plaintiffs allege that the cost of fuel is already incorporated into the prices Sysco charges its customers. They assert that a reasonable person would interpret a "fuel surcharge" as a fee charged on top of the amount paid for goods delivered, to compensate Sysco for the cost of fuel necessary for the delivery. By calling it a "fuel surcharge," Sysco is able effectively to disguise a five-dollar upcharge that has no relationship to the cost of fuel. Plaintiffs claim they were damaged because they paid the surcharges for years when they could have either contested the fees, or used a different supplier.

Therefore, plaintiffs have adequately alleged a material misrepresentation to support their fourth, fifth, and sixth claims for relief.

Even if adequately stated, Sysco contends that plaintiffs' claims are barred under the voluntary payment doctrine, an "affirmative defense that bars the recovery of money that was voluntarily paid with knowledge of the facts." *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063 (N.D. Cal. 2012) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). "[P]ayments voluntarily made, in the absence of mistake of fact, fraud, duress, or compulsion, cannot be recovered." *Stern v. AT&T Mobility Corp.*, No. 05-8842, 2008 WL 11334082 at *8 (C.D. Cal. June 17, 2008). An affirmative defense will only be considered on a motion to dismiss if it is based on undisputed facts. Here, while plaintiffs were aware their invoices included a fuel surcharge and paid the fee, there is a question of fact regarding whether Sysco's labeling of the fuel surcharge as such constituted fraud. Therefore, application of the voluntary payment doctrine would be premature.

**C. Violation of California's Unfair Competition Law (Claims 1 and 2)**

California's Unfair Competition Law ("UCL") prohibits "unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. Sysco asserts that plaintiffs' claims fail under both the "unfair" and "fraudulent" prongs because failure to disclose the basis for charging a fuel surcharge is not a deceptive business practice as a matter of law. Again, Sysco's argument misconstrues the central contention of plaintiffs' grievance, which is that calling an additional fee a "fuel surcharge" gives customers the false impression that the cost of fuel is not already accounted for in the prices charged for the goods they purchased.

The unfair prong of the UCL describes a business practice that is "immoral, unethical, oppressive or unscrupulous and causes injury to consumers which outweighs its benefits." *McKell v. Wash. Mut.*, Inc., 142 Cal. App. 4th 1457, 1473 (2006). Because the cost of fuel is already incorporated into Sysco's prices, plaintiffs assert that Sysco's fuel surcharges are excessive and are a disguised upcharge to customers. As there is no evidence that there are any benefits to this practice that outweigh injury to consumers, plaintiffs have stated a claim under the unfair prong of

the UCL.

Under the "fraudulent" prong of the UCL, conduct is considered deceptive or misleading if the conduct is "likely to deceive" a "reasonable consumer." *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017) (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). As explained above, plaintiffs allege that a reasonable consumer would likely be deceived into thinking that a fuel surcharge was necessary to compensate Sysco for its delivery costs, when in reality, those costs were already integrated into Sysco's prices. Had they known the truth, plaintiffs assert, they would have contested the fuel surcharge or moved their business to a different vendor. The averments are sufficient, at the pleading stage, to state a claim under the "fraudulent" prong of the UCL.

**D. Breach of Contract (Claim 7)**

Sysco moves to dismiss plaintiffs' breach of contract claim on the grounds that the complaint fails to allege the existence of a contract and its relationship to the fuel charges included on Sysco's customer invoices. "To be entitled to damages for breach of contract, a plaintiff must plead and prove (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Walsh v. W. Valley Mission Community College Dist.*, 66 Cal. App. 4th 1532, 1545 (1998). Plaintiffs refer generally to the existence of a contract between them and Sysco, but omit any specific averments about the terms of the contract. Without more, the complaint does not support a plausible inference that Sysco's fuel surcharge practices violated a contractual duty or obligation owed to plaintiffs. Accordingly, the breach of contract claim is dismissed with leave to amend.

**E. Unjust Enrichment (Claim 8)**

Sysco argues that unjust enrichment is not an independent claim for relief, so it must be dismissed from the complaint. District courts are split on whether unjust enrichment can be an independent claim because it offers relief already available under other legal theories. *See Vicuna v. Alexia Foods, Inc.*, No. 11-cv-6119 PJH, 2012 WL 1497507 at *3 (N.D. Cal Apr. 27, 2012); *Coast Law Group v. Panagiotou*, No. 12-cv-1446, 2013 WL 12114633 at *6 (S.D. Cal. Mar. 28,

2013); *c.f. AFCM, Inc. v. Elite Global Farming & Logistics, Inc.*, No. 11-cv-4677 CW, 2012 WL 1309168 at *6 (N.D. Cal. Apr. 16, 2012). Unjust enrichment is an equitable claim for relief that is generally available only where there is no adequate remedy at law. *See, e.g.*, *Matthews v. Am. Honda Motor Co.*, Inc., No. 12-60630, 2012 WL 2520675, at *2 (S.D. Fla. June 6, 2012). A plaintiff may plead both contract and unjust enrichment claims concerning the same facts where the validity of the contract is at issue. *See, e.g.*, *McKinnon v. Dollar Thirty Auto. Group*, No. 12-4457-SC, 2013 WL 791457, at *8 (N.D. Cal. Mar. 4, 2013); *Monet v. Chase Home Fin., LLC*, No. 10-0135-RS, 2010 WL 2486376, at *3 (N.D. Cal. June 16, 2010). Where, however, "the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-61686, 2013 WL 6328734, at *7 (S.D. Fla. Dec. 5, 2013); *see also Trazo v. Nestle USA, Inc.*, No. 12-2272 PSG, 2013 WL 4083218, at *11 (N.D. Cal. Aug. 9, 2013); *In re Apple & AT & T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011).

Here, plaintiffs' unjust enrichment claim appears to be premised on the same facts giving rise to a claim for breach of contract. Although the complaint as pled fails to state a claim for breach of contract, there is no evidence that the contract—if it exists—would be unenforceable or that a damages remedy would be inadequate. Plaintiffs' claim for unjust enrichment is duplicative of a cause of action for breach of contract, and is dismissed for that reason. Dismissal is with leave to amend.

## V. CONCLUSION

For the reasons set forth above, Sysco's motion to dismiss the complaint is granted as to Claims 7 and 8, and denied as to the remaining claims. The claims are dismissed with leave to amend. Should plaintiffs choose to amend their complaint, they must do so within 21 days of the date of this order.

**IT IS SO ORDERED**.

Dated: April 23, 2018

_____

RICHARD SEEBORG

United States District Judge

ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS
CASE NO. 17-cv-06553-RS

8